**FEI LUNG JIE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–71038.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 29, 2008.

Kaaren L. Barr, for Petitioner.

Kurt B. Larson, James A. Hurley, WWS–District Counsel, Anthony P. Nicastro, OIL, Ronald E. LeFevre, for Respondent.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Fei Lung Jie, a native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The agency denied Jie's asylum application as time barred. Jie does not challenge this finding.

Substantial evidence supports the agency's conclusion that Jie did not establish eligibility for withholding of removal because Jie's experiences in Indonesia did not constitute past persecution. *See id.* at 1016–18. Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir. 2004) applies to Christian Indonesians seeking withholding of removal, Jie failed to demonstrate that it was more likely than not that he will be persecuted if he returned to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003).

Substantial evidence also supports the agency's determination that Jie is not entitled to CAT relief because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

## PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

